UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DANIEL J. REGAN, ET AL. | CIVIL ACTION NO. 06-0129 |
| versus | JUDGE STAGG |
| STARCRAFT MARINE, L.L.C., ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Daniel Regan ("Plaintiff") was seriously injured when he fell from a pontoon boat. The boat, made by Starcraft Marine, L.L.C., was owned by the U. S. Army and had been rented by Staff Sgt. John Vandergriff from an Army-operated marina at the Army Recreation Cove on Toledo Bend Reservoir. Plaintiff and his father filed suit in state court against Starcraft and Vandergriff. Starcraft removed the case based on an assertion that the site of the accident is a federal enclave subject to exclusive federal jurisdiction. For the reasons that follow, Starcraft has not met its burden of establishing a basis for federal subject-matter jurisdiction, and the case should be remanded to state court.

**Procedural History**

Plaintiff alleges that he stood up near the front of the boat at or about the same time Vandergriff reduced the speed of the boat, causing Plaintiff to lose his balance and stumble forward. Plaintiff grabbed a railing/gate in an effort to regain his balance, but the gate ripped from a post and Plaintiff fell overboard. Plaintiff's legs were struck by the boat's propeller.

He lost his right leg above the knee and suffered serious injuries to his left leg. Plaintiff alleges that Starcraft negligently designed, manufactured and marketed the boat. Plaintiff also casts blame on Vandergriff for negligently operating the boat in an impaired condition.

Plaintiff and his father filed suit in state court against Starcraft and Vandergriff, invoking admiralty and maritime jurisdiction in the state court pursuant to the "saving to suitors clause" of 28 U.S.C. § 1333. General maritime claims saved to suitors are, of themselves, not removable. But the saving to suitors clause does not guarantee a plaintiff a non-federal forum or limit the right of defendants to remove a case to federal court where there is some basis for federal jurisdiction other than admiralty. Morris v. T E Marine Corp., 344 F.3d 439, 444 (5th Cir. 2003). Starcraft removed the case based on an assertion of federal question jurisdiction because the accident allegedly occurred on property owned by the United States Government. Starcraft contends in its Notice of Removal that "all incidents that occur on federal property are the subject of exclusive federal jurisdiction." Plaintiff filed a Motion to Remand (Doc. 12) that is now before the court. Plaintiff argues that the removal was untimely and improper.

**Federal Enclave Jurisdiction**

Article I, Section 8, Clause 17 of the United States Constitution provides that the Congress shall have power:

> "To exercise exclusive Legislation in all cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent

of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

Exclusive "legislation" has been construed to mean exclusive jurisdiction in the sense of exclusive sovereignty. Mater v. Holley, 200 F.2d 123 (5th Cir. 1952). Government owned land that falls within the scope of Clause 17 may be deemed a "federal enclave" within which the United States has exclusive jurisdiction. Akin v. Ashland Chem. Co., 156 F.3d 1030 (10th Cir. 1998).

Personal injury actions that arise from incidents occurring in federal enclaves are governed by state law that is borrowed for the enclave, but the claims are deemed to arise under federal law within the meaning of 28 U.S.C. § 1331. Mater, 200 F.2d at 125; Stokes v. Adair, 265 F.2d 662, 665 (4th Cir.1959) (when exclusive jurisdiction is ceded state laws "lose their character as laws of the state and become laws of the Union."). See also 16 U.S.C. § 457 (borrowing state law to govern wrongful death or personal injury claims suffered in a national park or other place subject to exclusive federal jurisdiction). Because the claims are deemed to arise under federal law, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction." Akin, 156 F.3d at 1034. See also Hodges v. Shell Oil Company, 1997 WL 473809, *5 (E.D. La. 1997)(claim arising from injury that occurred on a federal enclave arose under federal law and was removable) and Akin v. Big Three Industries, Inc., 851 F. Supp. 819 (E. D. Tex. 1994)(claims that arose from toxic exposure on a federal enclave arose under federal law and were removable).

Plaintiff alleged in his petition that the accident occurred "on the navigable waters of Toledo Bend Reservoir near the mouth of the Army Recreation Cove in Sabine Parish, Louisiana." Petition, ¶ 3. Starcraft represents that it hired a title examiner to identify land ownership of the cove. Augusto Villalon, a Professional Land Surveyor (who does not state that he is licensed in Louisiana and whose affidavit was notarized in New York) testifies that he reviewed a title abstract report and the accident report prepared by the Louisiana Department of Wildlife and Fisheries. The report identifies the coordinates of the accident. Mr. Villalon testifies that he also conducted "further independent research" to identify the location of the accident. He concludes that the coordinates for the accident site "clearly fall within the western boundaries of what is called Army Recreation Cove." He then states:

> The title abstract identifies land located in the State of Louisiana, Sabine Parish, that is owned by the United States of America. The totality of land described therein surrounds what is called Army Recreation Cove. Army Recreation Cove and the locality of this accident fall within the western boundary of the property owned by the United States Government.
>
> The subject accident, therefore, occurred on property owned by the United States Government.

The title abstract report indicates that the United States acquired the land from private individuals and a corporation by three, separate transactions: a sale, an assignment and a quitclaim.

Plaintiff's motion to remand is supported by an affidavit from Douglas Dockens, a Registered Professional Land Surveyor of Louisiana. Mr. Dockens testifies that he has also

reviewed the accident report and the property ownership records.  His conclusion is at odds with Mr. Villalon's testimony.  He testifies:

> That the site of the accident as described in the boating accident report of the Louisiana Department of Wildlife and Fisheries is <u>not</u> as alleged in paragraph 5 of the Notice of Removal, on property owned or leased by the United States Government but is, in fact, is (sic) on the waters of Toledo Bend Reservoir and the lake bed beneath the site of the accident is owned by the State of Louisiana and administered by the Sabine River Authority.

Mr. Dockens adds that the site of the accident was on the lake "some half a mile from the Toledo Bend Recreation Site known commonly as the 'Army Rec. Center'."  And, he testifies, the property described in the conveyances attached to the Notice of Removal (and relied upon by Mr. Villalon) describe land in Sabine Parish that does *not* include the site of the accident.

There is a genuine issue of fact regarding ownership of the property at the site of the accident, but the issue need not be resolved to decide the pending motion.  Starcraft claims in its Notice of Removal that "all incidents that occur on federal property are the subject of exclusive federal jurisdiction."  That is not correct.  The author of an article regarding public land estimated in 1993 that the Enclave Clause applied to "only about 9 percent of the land owned by the federal government."  Marla Mansfield, <u>A Primer of Public Land Law</u>, 68 Washington Law Rev. 801, 805 (1993).  That does not mean the federal government is helpless to enforce regulations pertaining to government property over which it does not exercise exclusive jurisdiction.  Other provisions of the Constitution such as the Property

Clause suffice for those purposes.[1] Mansfield, supra; U. S. v. Gilitta, 580 F.2d 156, 160 (5th Cir. 1978)(Property Clause allows government to enact regulations to maintain safety and order on government property without the need to assume exclusive jurisdiction over the property). But Starcraft, to properly remove this civil action, must establish that the United States has exclusive jurisdiction over the relevant property.

It will be assumed for purposes of argument that the relevant property is owned by the United States and was acquired by the three instruments submitted by Starcraft that are dated between 1968 and 1990. Starcraft points to the consent of Louisiana that, subject to limited exception, the United States "may acquire and occupy any land in Louisiana required for the purposes of the federal government" and "shall have exclusive jurisdiction over the property during the time that the United States is the owner or lessee of the property." La. R.S. 52:1. Federal ownership and consent by the state to the exercise of exclusive jurisdiction are not, however, enough to vest exclusive federal jurisdiction.

Congress has provided since 1940 that the federal government is not required to obtain exclusive or other jurisdiction over land that it acquires. When an authorized government official considers it desirable, he may accept or secure from the state in which the land is located consent to federal jurisdiction over the land. "The individual [government official] shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of

---

[1] Article IV, Section 3, Clause 2 provides: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State."

acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated." 40 U.S.C. § 3112(b) (formerly codified at 40 U.S.C. § 255). The statute adds: "It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section." § 3112(c). The government may relinquish legislative jurisdiction in a similar manner. See, e.g., 10 U.S.C. § 2683(allowing military to relinquish jurisdiction by filing a notice with the governor).[2]

Starcraft represents that the United States acquired the relevant property after 1940, so the statutory form of acceptance is required. Paul v. U.S. 83 S.Ct. 426, 438 (1963)("Since 1940 Congress has required the United States to assent to the transfer of jurisdiction over the property, however it may be acquired."). And acceptance is not a mere technicality to be overlooked. In Adams v. United States, 63 S.Ct. 1122 (1943), the Court overturned the convictions of soldiers who had been convicted of raping a civilian woman at Camp Claiborne, Louisiana, a military camp to which the federal government had acquired title at the time of the crime. The federal government had not, however, complied with the recently

---

[2] Federal agencies, including the military, often choose not to elect exclusive federal jurisdiction because of the "extensive problems which can occur when federal legislative jurisdiction applies to the exclusion of all state law." Castlen and Block, Exclusive Federal Legislative Jurisdiction: Get Rid of It!, 154 Military Law Review 113, 114 (1997). Among the problems in civil cases is determining applicable law which, except for personal injury and death claims governed by current state law pursuant to 16 U.S.C. § 457, is based on the state law that existed at the time the parcel of land became an enclave. See Arlington Hotel Co. v. Fant, 49 S.Ct. 227 (1929)(Arkansas innkeeper law enacted in 1913 was not applicable to Hot Springs hotel located on an enclave created in 1904). That rule can require surveys and title research to determine when the particular tract, perhaps one of many tracts acquired over several years to make up a federal facility, became an enclave. It can also require extensive legal research to determine the state law that was in effect at that time.

enacted 40 U.S.C. § 255 by filing a notice of acceptance of jurisdiction with the governor, so the federal government did not have even concurrent criminal jurisdiction over the crimes. The notice requirement has been consistently applied ever since in criminal cases. See U. S. v. King, 781 F.Supp. 315 (D. N.J. 1991) (collecting cases). There is nothing in the statute to indicate that it applies only to criminal jurisdiction, and it has often been applied in civil cases. Fountain v. New Orleans Public Service, Inc., 265 F.Supp. 630, 638 (E. D. La. 1967) (no federal jurisdiction over wrongful death action that occurred in foreign trade zone absent federal government's express and positive acceptance of jurisdiction as required by the statute); International Business Machines Corp. v. Ott, 89 So.2d 193 (La. 1956)(ad valorem taxes were owed on property leased to the government and on government leasehold in the absence of statutory acceptance of exclusive federal jurisdiction); Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 365 A.2d 1093 (Conn. 1975)(local zoning laws applied to federally owned land in the absence of statutory acceptance); and Town of Newington v. Campanella & Cardi Const. Co., 103 N.H. 211, 168 A.2d 496 (N.H. 1961)(severance tax applied to timber cut by private contractor from federal land in the absence of statutory acceptance). See also 91 C. J. S. United States § 12 (discussing requirement of acceptance of jurisdiction).

Starcraft, as the removing party, bears the burden of demonstrating the propriety of removal. Tennessee Gas Pipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 152 (5th Cir. 1996). Starcraft has come forward with some evidence regarding federal ownership of the site (although Plaintiff has his own contrary evidence), and Starcraft has pointed to La. R.S. 52:1

as an indication of Louisiana's consent to the exercise of exclusive federal jurisdiction over federally owned property, but Starcraft has not presented or pointed to any evidence that would indicate the United States has formally accepted exclusive jurisdiction over the site in a manner provided by 40 U.S.C. § 3112(b). The issue was not addressed in the briefs of either party. Starcraft did urge that the United States had "confirmed" jurisdiction over the area by virtue of the Army conducting an investigation of the accident, but that is insufficient to comply with Section 3112(b). Absent evidence of acceptance, it is conclusively presumed by Section 3112(c) that jurisdiction has not been accepted. Accordingly, Starcraft has not met its burden of establishing a basis for federal question jurisdiction and the propriety of its removal. Therefore, remand is required.

Starcraft asserts that this action should not be remanded, even if the court lacks enclave jurisidiction, because Starcraft has asserted a third-party demand against the United States pursuant to the Federal Tort Claims Act ("FTCA") that will likely cause the government to attempt to remove the case even if it is remanded. That may happen, but it does not permit the court to ignore a current lack of subject matter jurisdiction. Perhaps there is controlling legal authority that holds that an improper removal by a defendant may be cured by the defendant filing a post-removal third-party demand over which there is federal jurisdiction, but Starcraft has not cited such authority in an effort to meet its burden.

Generally, to permit removal, a federal question must be presented by a plaintiff's complaint at the time of removal. If a defendant such as Starcraft files a third-party complaint that presents a separate and independent federal question claim, the Fifth Circuit

permits the third-party defendant to remove the case pursuant to 28 U.S.C. § 1441(c), but the defendant/third-party plaintiff in Starcraft's position may not remove based on the claim that it filed against another. Metro Ford Truck Sales, Inc. v. Ford Motor Co. 145 F3d 320, 327 n.22 (5th Cir. 1998). "[T]he federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court." Id. at 327. And it does not matter if the third-party claim is filed before or after removal. To hold otherwise would unduly allow a defendant to manipulate jurisdiction. Id.

The case should be remanded. The United States may later elect to attempt to remove the case, but that possibility should not influence the court to overlook the impropriety of the current removal and run the risk that any judgment entered will be vacated on appeal due to a lack of subject matter jurisdiction.

**Timeliness**

The timeliness of Starcraft's removal is now a moot issue, but the issue will be discussed briefly in the event a reviewing court should find that removal was appropriate. The removal clock does not begin to run in a federal question case until the defendant receives a pleading that reveals "on its face" that the plaintiff is asserting a cause of action based on federal law. Leffall v. Dallas Independent School District, 28 F.3d 521 (5th Cir. 1994). The original petition, which Plaintiff contends should have triggered the removal period, alleged only that the accident occurred on the navigable waters of Toledo Bend Reservoir "near the mouth of the Army Recreation Cove" in Sabine Parish. That did not reveal on the face of the petition that the accident occurred on land over which the federal government exercises

exclusive jurisdiction. See Moore v. Kerr, 2002 WL 58540 (E. D. La. 2002) (case was not initially removable because petition did not reveal on its face the location of the accident or state that it occurred on a military base) and Akin v. Big Three Industries, Inc., 851 F. Supp. 819 (E. D. Tex. 1994) (removal clock not triggered when petition in enclave case was ambiguous about the relevant location). The courts in Moore and Akin held that the thirty-day period was not triggered until discovery responses from the plaintiffs clarified the relevant locations. Those decisions are consistent with Fifth Circuit jurisprudence such as Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

Starcraft did not remove within thirty days of service of the petition, but it was not required to do so given the ambiguity of the petition. Starcraft did remove within thirty days of receipt of a report from its own title examiner that indicated, in Starcraft's opinion, that the accident occurred on a federal enclave. Even that event likely did not trigger the removal period. The Fifth Circuit has held that only a voluntary act of the plaintiff, not the defendant's subjective knowledge or paper generated by the defendant, can trigger the thirty-day removal period based on a defendant's receipt of "other paper." SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). Thus, Starcraft's notice of removal was filed before the thirty-day removal period was ever triggered. Therefore, the removal was timely. For the reasons set forth above, however, the undersigned finds that Starcraft has not established that its removal, although timely, was proper.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Remand (Doc. 12)** be **GRANTED** and that this case be **REMANDED** to the **Eleventh Judicial District Court, Sabine Parish, Louisiana.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 18th day of April, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE